J-S54037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM JAYUOW CLARK, | : | |
| | : | |
| Appellant | : | No. 137 WDA 2016 |

Appeal from the Judgment of Sentence July 30, 2015
in the Court of Common Pleas of Westmoreland County,
Criminal Division, No.(s): CP-65-CR-0004407-2014

BEFORE: BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 08, 2016**

William Jayuow Clark ("Clark") appeals from the judgment of sentence imposed following his conviction of Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer a Firearm ("Persons Not to Possess a Firearm").[1]  We affirm.

On June 17, 2013, Officer Dan Zilli ("Officer Zilli") of the Mount Pleasant Borough Police Department responded to a 911 call and found a blue bag amongst some weeds containing, among other things, a disassembled handgun, a magazine holding one live round, a knife, and a time sheet and sweatshirt from Minniefield Construction Company ("Minniefield Construction").  According to Officer Zilli, the disassembled handgun was not operable in its current state, and the upper receiver was not in the bag.

---

[1] 18 Pa.C.S.A. § 6105.

After contacting Minniefield Construction, Officer Zilli discovered that Clark was the owner of the bag. Clark came to the police station and admitted to owning the bag and all of the contents except the gun. Clark stated that he was cleaning the gun for his niece's boyfriend, and that he forgot that the gun was in the bag. Officer Zilli also discovered that Clark had previously been adjudicated delinquent for the crime of minor not to possess a firearm. Officer Zilli subsequently charged Clark with one count each of Persons Not to Possess a Firearm and Carrying a Firearm Without a License.[2]

After a non-jury trial, Clark was found guilty of Persons Not to Possess a Firearm. Thereafter, the trial court sentenced Clark to two to five years in prison. Clark filed a timely Post-Sentence Motion, which the trial court denied. Clark filed a timely Notice of Appeal.

Clark raises the following questions for our review:

I.  Whether the trial court erred by denying [Clark's] Post[-]Sentence Motion for judgment of acquittal, for the reason that the non-jury guilty verdict for the offense of Persons Not to Possess a Firearm was contrary to the sufficiency of the evidence?

II. Whether the trial court erred by denying [Clark's] Post-Sentence Motion for new trial, for the reason that the non-jury guilty verdict for the offense of Persons Not to Posses [*sic*] a Firearm was contrary to the weight of the evidence?

Brief for Appellant at 6.

---

[2] 18 Pa.C.S.A. § 6106(a)(1).

In his first claim, Clark alleges that the evidence was insufficient to prove he was in possession of a firearm. *See* Brief for Appellant at 9-12. Clark claims that he did not possess the firearm, as the Commonwealth failed to prove the requisite criminal intent beyond a reasonable doubt. *Id.* at 11-12. Clark argues that his statements that the firearm did not belong to him, and that he had only been cleaning the firearm, demonstrated a lack of possession. *Id.*

The standard of review for a sufficiency of the evidence claim is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court, viewing all of the evidence and reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014).

Under 18 Pa.C.S.A. § 6105,

> [a] person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Possession of a firearm is an essential element of Section 6105. *Antidormi*, 84 A.3d at 757. "Possession can be found by proving actual possession, constructive possession or joint constructive possession." *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). Because the bag, and its contents, were not found on Clark's person, constructive possession must be demonstrated.

> In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of [prohibited items].

*Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013) (citation and internal quotations omitted).

In the instant case, Officer Zilli testified that he responded to a call about a blue JanSport bag lying in some weeds, found the described bag, and took it to the police station. N.T., 5/6/15, at 14-15. Officer Zilli stated that within the bag, he found "a large knife, a disassembled handgun, bolt cutters, a magazine with one live round and there was also an empty casing, there was a time sheet from Minniefield Construction Company and also a sweatshirt that said Minnifield [*sic*] Construction and Demolition." *Id.* at 15. Odell Minniefield ("Odell"), one of the owners of Minniefield Construction, testified that he took Clark to work two days prior to the discovery of the

bag, and that Clark brought the bag with him that day. *Id.* at 31-32, 34. Odell stated that Clark carried the bag every day, but could not find it when they were leaving work. *Id.* Officer Zilli testified that Clark admitted to owning the bag and all of its contents except the gun. *Id.* at 22. According to Officer Zilli, Clark stated that he was cleaning the gun for his niece's boyfriend and had placed the gun in the bag. *Id.* at 22, 28. Officer Zilli also testified that Clark admitted to carrying the bag with him to work, and Clark believed the bag was stolen at some point, leading to it being found in the weeds. *Id.* at 22-23.

Here, the trial court did not credit Clark's statement that the firearm did not belong to him. *See* Trial Court Opinion, 12/22/15, at 5. Because Clark admitted to owning the bag, placing the gun in the bag, and carrying the bag with him while it contained the gun, we conclude that the evidence was sufficient to establish that Clark had constructive possession of the gun.[3]

Next, Clark alleges that the Commonwealth did not prove beyond a reasonable doubt that the disassembled gun qualified as a firearm. Brief for

---

[3] Clark was subject to the penalties of this statute because of his prior delinquent adjudication for a minor in possession of a firearm. N.T., 5/6/15, at 23-25. Section 6105 states that a person is subject to the statute if he "was adjudicated delinquent by a court pursuant to 42 Pa.C.S.[A.] § 6341 or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an offense enumerated in subsection (b)." 18 Pa.C.S.A. § 6105(c)(8). In subsection (b), one enumerated offense is Section 6110.1, "Possession of firearm by minor." *Id.* § 6105(b). Thus, the statute was properly applied.

Appellant at 10-11. Clark claims that under 18 Pa.C.S.A. § 6102, the item recovered from the bag would not be considered a firearm. Brief for Appellant at 10. Clark also argues that the firearm was not operable, and thus he could not violate Section 6105. *Id.* at 11.

Section 6105 provides, "the term 'firearm' shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S.A. § 6105(i).

> The statutory language is clear, and it does not require proof that the weapon was capable of expelling a projectile when it was seized; on the contrary, the fact that a person can be prosecuted simply for possessing a semiautomatic pistol frame refutes this notion because the frame requires additional parts, *e.g.*, a slide and barrel, in order to fire a bullet. Thus, the use of the terms "frame" and "receiver" in section 6105(i) demonstrates that the legislature sought to eliminate the operability requirement … for purposes of [section 6105].

*Commonwealth v. Thomas*, 988 A.2d 669, 672 (Pa. Super. 2009) (footnote omitted); *see also Commonwealth v. Gainer*, 7 A.3d 291, 298 n.4 (Pa. Super. 2010) (stating that "[s]ection 6105 includes a revised definition of 'firearm' under which operability is not an element").

Officer Zilli stated that the gun was disassembled, the upper receiver was not in the bag, and the weapon would be inoperable without that piece. N.T., 5/6/15, at 17-18. However, Officer Zilli also stated that it would be relatively easy to make the gun operable since the majority of the gun was in the bag, including a magazine with a live round and the spring that would

go on the upper receiver. *Id.* Since the applicable definition refers to something that "may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon," 18 Pa.C.S.A. § 6105(i), the contents of the bag qualify as a firearm for the purposes of this crime. Further, Clark's claim that the weapon was inoperable at the time is irrelevant as operability is not a necessary element of Section 6105. *See Thomas*, 988 A.2d at 672.

Viewing these facts in the light most favorable to the Commonwealth, the evidence was sufficient to support Clark's conviction.

In his second claim, Clark asserts that his conviction of Persons Not to Possess a Firearm was against the weight of the evidence. Brief for Appellant at 12. Clark argues that the evidence did not establish that he possessed the gun or that the gun was operable. *Id.*

The standard of review for challenges to the weight of the evidence is as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the

facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Karns***, 50 A.3d 158, 165 (Pa. Super. 2012) (citation and brackets omitted).

Considering Clark's arguments and the evidence of the case, it is apparent that the trial court judge found the testimony of Officer Zilli and other witnesses credible, and the evidence supports the verdict. Therefore, we conclude that the trial court did not abuse its discretion in denying Clark's weight of the evidence claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/8/2016